ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
**PANEL II**

| | | |
|---|---|---|
| **HIKARI MATSUMOTO** por sí y en representación de su hijo registrado en el Programa de Educación Especial, **A.B.**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE EDUCACIÓN**<br><br>Recurrido | TA2026RA00114 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Educación<br><br>Caso Núm: QEE-2526-27-11-01214 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de mayo de 2026.

Hikari Matsumoto por sí y en representación de su hijo menor de edad, AB (Matsumoto o parte recurrente), solicita la revisión del *Final Order of Dismissal* emitido el 18 de febrero de 2026, por el Foro Administrativo de Educación Especial adscrito al Departamento de Educación. Mediante dicha determinación, el aludido Foro desestimó y ordenó el cierre y archivo de la querella instada por Matsumoto por falta de jurisdicción sobre la materia.

Por las razones que expondremos a continuación, se desestima el recurso de revisión judicial por falta de jurisdicción.

**I.**

Según surge del expediente, Matsumoto es la madre de AB, estudiante de seis (6) años registrado como elegible para recibir servicios de educación especial del Departamento de Educación, por tener un diagnóstico de Trastorno del Espectro Autista, Nivel 2,

además de presentar trastorno fonológico leve a moderado, trastorno expresivo moderado y un leve retraso en el desarrollo de destrezas motoras finas y de coordinación motora.

El 13 de noviembre de 2025, Matsumoto, por sí y en representación de AB, instó una *Querella* contra el Departamento de Educación (parte recurrida) ante el Foro Administrativo de Educación Especial. Alegó, en síntesis, que, en una reunión del Comité de Programación y Ubicación (COMPU), celebrada el 22 de abril de 2025, ocurrieron violaciones sustantivas y procesales de la *Ley de Educación para Individuos con Discapacidades* (IDEA, por sus siglas en inglés); y que, para el año académico 2025-2026, el Departamento de Educación incumplió en la *Provisión de una Educación Pública Adecuada y Gratuita* (FAPE, por sus siglas en inglés). Particularmente, esbozó que, en la reunión del COMPU, no se discutió, ni se ofreció un Programa Educativo Individualizado (PEI) y que solo se procedió a crear un plan de servicios. Añadió que el Departamento de Educación ignoró los requisitos académicos de AB, así como la necesidad de proveer los servicios de una Asistente T-1. Matsumoto argumentó que, ante la falta del Departamento de Educación de ofrecerle una FAPE, matriculó al menor de forma unilateral en Palermo Private School, una institución que provee su educación enteramente en inglés, en concordancia con las necesidades lingüísticas de su hijo.

En suma, solicitó al foro administrativo que declarara ha lugar la querella y ordena lo siguiente:

1. Ordenar al DE que llevara a cabo todas las reuniones futuras de COMPU en inglés, con un intérprete certificado presente.
2. Traducir todos los documentos pertinentes al inglés (o japonés), incluyendo el PS vigente, el acta del 22 de abril de 2025 y todos los PEI futuros, y proveerlos a la madre.

3. Realizar de inmediato las evaluaciones pendientes recomendadas desde 2023, incluyendo la evaluación psicométrica (WPPSI) y la prueba de inteligencia no verbal, ambas administradas en el idioma de dominio del estudiante (inglés).

4. Convocar un COMPU para desarrollar un Programa Educativo Individualizado (PEI) legalmente conforme que identifique y atienda todas las necesidades del estudiante, incluyendo: (a) metas y objetivos para sus necesidades académicas (lectura, escritura, matemáticas), (b) un Plan de Intervención Conductual (BIP) robusto para manejar conductas de agresión, autolesión e impulsividad y (c) la inclusión de un Asistente de Servicios a tiempo completo (T-1) como un servicio esencial para que el estudiante pueda beneficiarse de su educación.

5. Reconocer que el DE no ofreció FAPE al no proveer una ubicación pública con instrucción en inglés.

6. Ordenar al DE, como remedio, pagar la matrícula y los costos asociados de la colocación unilateral en Palermo Private School para el año académico 2025–2026, por ser la ubicación apropiada que satisface los requisitos lingüísticos del estudiante.

7. Ordenar al DE financiar de inmediato el costo del Asistente T-1 (estimado en $20,000.00 anuales) en Palermo Private School, como parte integral del FAPE del estudiante.

8. Ordenar al DE garantizar la provisión (o el reembolso) de todos los servicios relacionados (Terapia del Habla, Terapia Ocupacional y Terapia Psicológica) conforme a las frecuencias y modalidades recomendadas, a ser ofrecidos en la oficina del proveedor (Remedio Provisional).

El 23 de noviembre de 2025, el Departamento de Educación contestó la querella. Negó varias alegaciones y afirmó de manera categórica que en el caso de AB se preparó, presentó y discutió un PEI en la reunión llevada a cabo el 22 de abril de 2025. Asimismo, sostuvo que la participación significativa de la madre no fue impedida en modo alguno por barreras lingüísticas. Detalló que, aunque el PEI escrito y las actas fueron provistos en español —como había sido la práctica en todas las reuniones desde la matrícula del estudiante en 2023— el Departamento ofreció apoyo lingüístico en inglés en tiempo real durante la aludida reunión por la Sra. Frances Berrocal, maestra de inglés que fungió como facilitadora lingüística.

El Departamento de Educación también estableció que la IDEA no requería el uso de un intérprete "certificado", ni exigía que los documentos escritos del PEI fueran traducidos al idioma preferido por el padre o encargado, siempre y cuando este pudiera participar de manera significativa en la reunión. Añadió que Matsumoto no refutó la notificación de la reunión del PEI, y que su participación en el proceso no fue obstaculizada ni limitada en forma alguna. En esa dirección, mencionó que la madre tuvo la oportunidad de hacer preguntas, recibir aclaraciones y comprender plenamente los procedimientos, y nunca objetó el método de traducción ni solicitó un intérprete distinto. En consecuencia, coligió que no ocurrió violación alguna de las disposiciones de acceso lingüístico de la IDEA.

De otra parte, y en lo pertinente, el Departamento de Educación destacó que Matsumoto ubicó unilateralmente al menor en un colegio privado. En específico, negó que dicha ubicación se justificara bajo cualquier fracaso en ofrecer FAPE y que se debía calificar como una "*parentally placed private school student*" bajo la IDEA. Por ende, arguyó que su responsabilidad con AB se limitaba a la provisión de servicios equitativos proporcionales y no incluía la obligación de financiar matrícula, proveer un FAPE completo ni replicar servicios individualizados de una escuela pública dentro de un entorno privado. Resaltó que, bajo la IDEA, un padre no podía "fabricar" una denegación de FAPE retirando al niño antes de la implementación o rechazando una ubicación pública ofrecida. Así, esgrimió que el foro administrativo carecía de jurisdicción para ordenar al Departamento a proveer servicios individualizados —como un asistente T-1 o instrucción exclusivamente en inglés— dentro de una escuela privada seleccionada unilateralmente por los

padres. En consecuencia, adujo que todos los remedios relacionados con reembolsos y ubicaciones solicitados por Matsumoto eran improcedentes.

Luego de varios trámites, el 5 de diciembre de 2025, el Departamento de Educación incoó una moción de desestimación por falta de jurisdicción. En síntesis, afirmó que, al palio de la Sección 1412 (a)(10) de IDEA y las regulaciones aplicables a Puerto Rico, el sistema de audiencia de debido proceso del foro administrativo de educación especial carecía de jurisdicción. Lo anterior, porque: (1) el estudiante no estaba matriculado en el sistema de educación pública, (2) los padres del menor rechazaron el borrador del PEI antes que fuera finalizado y lo ubicaron unilateralmente en un colegio privado y (3) el estudiante recibía servicios equitativos por medio de un plan de servicios, no bajo el FAPE, a través de un PEI de una escuela pública. Razonó que las reclamaciones levantadas en la querella debían ser atendidas bajo una demanda civil contra el Estado.[1]

Matsumoto se opuso a la petición de desestimación, por entender que la querella no era una disputa sobre la provisión de servicios equitativos a un estudiante de escuela privada. En cambio, alegó que esta incluía violaciones procesales y sustantivas que ocurrieron durante —y antes— de la reunión del 22 de abril de 2025, incluyendo la falta de ofrecer de manera oportuna y presentar de forma significativa un PEI/ubicación legal que proporcionara FAPE para el año académico 2025–2026, así como irregularidades serias en el expediente del estudiante que requerían desarrollo probatorio. Argumentó que, el Departamento de Educación no podía evadir la jurisdicción invocando el marco aplicable a escuelas privadas

---

[1] Anejo VIII del Apéndice del recurso.

mientras simultáneamente se apoyaba en un supuesto PEI, cuya fecha y autenticidad entendía que estaban materialmente impugnadas. Añadió que, permitir que una agencia derrotara el debido proceso mediante: (1) no proveer oportunamente un PEI, según lo requieren las estipulaciones de Puerto Rico y las garantías de la IDEA, y luego (2) reclasificar la controversia como un asunto de servicios equitativos, premiaría el incumplimiento y socavaría la integridad del proceso administrativo.[2]

Por medio de un *Final Order of Dismissal* emitido el 18 de febrero de 2026, el Foro Administrativo de Educación Especial desestimó la querella de referencia y ordenó el cierre y archivo del caso por falta de jurisdicción de la materia. El aludido Foro determinó que, el Departamento de Educación cumplió con su obligación de proveer FAPE al preparar un Programa Educativo Individualizado, proceso en el cual Matsumoto participó activamente y no expresó desacuerdo alguno con lo allí consignado. Además, el Foro hizo hincapié en que, del Acta del 22 de abril de 2026, se desprendía que Matsumoto manifestó expresamente que no estaba interesada en ninguna de las escuelas del sistema público de Puerto Rico. Asimismo, destacó que Matsumoto nunca expuso razones para impugnar las escuelas públicas ofrecidas. Añadió que, a raíz del rechazo expreso e inequívoco de la madre de AB, no era necesario evaluar si el Estado ofreció FAPE.

En suma, el foro administrativo precisó que las alegaciones hechas por Matsumoto en la oposición a la solicitud de desestimación eran especulativas y carecían de evidencia competente. Al mismo tiempo, concluyó que el estudiante AB fue

---

[2] Anejo IX del Apéndice del recurso.

unilateralmente ubicado en un colegio privado por decisión propia de sus padres, renunciando expresamente al FAPE.[3]

Inconforme, Matsumoto acude ante nos y señala que el Foro Administrativo de Educación Especial cometió los siguientes errores:

> Erró el foro administrativo al resolver que carece de jurisdicción para atender la querella.

> Erró el Foro Administrativo al resolver que el Departamento de Educación cumplió con su obligación de proveer educación pública gratuita y apropiada (FAPE) al estudiante y que la madre participó activamente de los procesos renunciando al derecho de FAPE. Al así hacerlo, la jueza administrativa adjudicó los méritos de la controversia concediendo credibilidad a las alegaciones de hechos que efectuó la parte querellada en el caso.

Mediante *Resolución* del 25 de marzo de 2026, concedimos al Departamento de Educación, por conducto de la Oficina del Procurador General, 20 días para presentar su alegato. El 14 de abril de 2026, dicha parte instó un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación.* En cuanto al aspecto jurisdiccional, alegó que el *Final Order of Dismissal* del Foro Administrativo de Educación Especial es defectuosa, al no incluir las debidas advertencias que dispone la LPAU, *infra.* Añade que, tampoco se incluyó que la IDEA provee para que la parte inconforme pueda presentar una acción civil ante el Tribunal de los Estados Unidos para el Distrito de Puerto Rico o un tribunal estatal de jurisdicción competente. Ante ello, aduce que la decisión carece de eficacia jurídica y el recurso de epígrafe debe desestimarse por haberse presentado de forma prematura.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

---

[3] Anejo I del Apéndice del recurso.

**II.**

**A.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022), citando a *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020). Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.*, citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 249 (2012) y otros. Así, "cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 387.

Un tribunal carece de jurisdicción para adjudicar una controversia cuando un recurso es instado de forma prematura. Un recurso prematuro se presenta en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación, por lo que adolece del grave e insubsanable defecto de falta de jurisdicción. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001). En armonía con lo anterior, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-117, 215 DPR __ (2025), nos faculta, por iniciativa

propia o a la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**B.**

La *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley Núm. 201–2003, según enmendada, 4 LPRA sec. 24 *et. seq.*, instituye la facultad revisora del Tribunal de Apelaciones. En asuntos de índole administrativo, dicha Ley nos circunscribe a examinar órdenes o resoluciones finales. Particularmente, el Artículo 4.006 (c), 4 LPRA sec. 24y de la Ley Núm. 201–2003, dispone que el Tribunal de Apelaciones conocerá de los siguientes asuntos:

[...]

"[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, **de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas** ..." (Énfasis nuestro).

[...]

Cónsono con lo anterior, la Regla 56 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 80, dispone que nuestra jurisdicción revisora se limita a determinaciones administrativas de carácter final. También la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38 del 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.*, establece que, una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. Asimismo, dicha Sección expone, en lo pertinente:

[…]

**Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente.** La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. (Énfasis nuestro).

La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa sea ésta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de este capítulo.

Una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia; les pone fin, sin dejar pendiente una para ser decidida en el futuro. Es decir, es aquella que dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes. Esta culmina en forma final el procedimiento administrativo respecto a todas las controversias. *Comisionado Seguros v. Universal*, 167 DPR 21, 29-30 (2006).

En relación con la notificación adecuada de las determinaciones administrativas finales, la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, dispone que la orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos.

En armonía con lo anterior, el Artículo 8.2 del *Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogados,*

que versa sobre procedimientos posteriores a la emisión de una resolución final, dispone:

a. **Según se establece en 20 U.S.C. 1415(i)(1)(A) y el 34 CFR 300.514(a) la resolución que resuelve todas las controversias pendientes y ordena el cierre y archivo de la querella es final, por lo que no procede la solicitud de reconsideración ante el foro administrativo**.

b. ...

c. **Cualquier parte perjudicada por la Resolución Final tiene el derecho de acudir en revisión administrativa al Tribunal de Apelaciones del Gobierno de Puerto Rico dentro del término de treinta (30) días contados a partir del archivo de la querella, según dispuesto en la sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017 y 20 U.S.C. 1415(i)(2)(b).**

d. **También, cualquier parte agraviada por la Resolución Final puede optar por iniciar una acción civil en el Tribunal de los EE. UU. para el Distrito de Puerto Rico o en el Tribunal de Primera Instancia del Tribunal General de Justicia, en el término de noventa (90) días a partir de la fecha del archivo de la Querella, según establece el 20 U.S.C. 1415 (i)(2) y 34 CFR 300.516(a) y (b).**

(Énfasis nuestro).

### III.

En el caso bajo nuestra consideración, atenderemos en primer orden el asunto jurisdiccional planteado por la parte recurrida, relacionado a la notificación del *Final Order of Dismissal*. Aduce que dicha notificación fue inadecuada, al no advertir a la parte recurrente de todos los procedimientos disponibles bajo IDEA para impugnar la determinación del Foro Administrativo de Educación Especial. Añade que ello acarreó el suspenso de los términos aplicables para procedimientos posteriores a la resolución. Ante ello, esgrime que este Tribunal carece de jurisdicción para atender el recurso de referencia en sus méritos y debe desestimarlo.

Luego de examinar con detenimiento el expediente y los argumentos de las partes, notamos que estamos privados de

jurisdicción en este caso. Resulta evidente que el *Final Order of Dismissal* carece de las advertencias legales pertinentes.

En específico, el pronunciamiento impugnado no contiene las advertencias establecidas en 20 USC 1415(i)(1)(A) y el 34 CFR 300.514(a), sobre la finalidad de la resolución que ordena el cierre y archivo de la querella, por lo que no procede la solicitud de reconsideración ante el foro administrativo. Tampoco se le apercibe a cualquier parte perjudicada la posibilidad de: (1) acudir en revisión judicial a este Tribunal de Apelaciones dentro del término de treinta (30) días contados a partir del archivo en autos, según dispuesto en la sección 4.2 de la LPAU y 20 USC 1415(i)(2)(b) y (2) iniciar una acción civil en el Tribunal de los Estados Unidos para el Distrito de Puerto Rico o en el Tribunal de Primera Instancia del Tribunal General de Justicia, en el término de noventa (90) días a partir de la fecha de su archivo en autos, según establece el 20 USC 1415 (i)(2) y 34 CFR 300.516(a) y (b). Véase, además, la sección 3.14 de LPAU y Artículo 8.2 del *Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogados.* Al momento de emitir dicha resolución, tanto la LPAU, como el mencionado Reglamento disponía de forma clara las advertencias necesarias. Así, la determinación recurrida no constituye un dictamen revisable ante este foro intermedio.

Como vemos, la inobservancia por parte del Foro Administrativo de Educación Especial adscrito al Departamento de Educación provocó que la Resolución emitida el 18 de febrero de 2026 no se pueda considerar como una adecuada, válida y efectiva. En consecuencia, resulta forzoso concluir que no tenemos

jurisdicción para atender el recurso de epígrafe, pues resulta prematuro.

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso de referencia por falta de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra*, págs. 116-117. Se devuelve el caso al Foro Administrativo de Educación Especial para que actúe conforme lo aquí resuelto.

Se declara Ha Lugar la solicitud de desestimación presentada por el Departamento de Educación, por conducto de la Oficina del Procurador General de Puerto Rico.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones